FRANK L. COLBURN ET AL., APPELLEES, V. CITY OF VALENTINE, A MUNICIPAL CORPORATION, APPELLANT.
160 N. W. 2d 203

Filed July 12, 1968.   No. 36839.

Edward E. Hannon, for appellant.

McFadden, Kirby & Swoboda, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages brought by Frank L. Colburn and Harriett E. Colburn against the City of Valentine, Nebraska. A jury was waived and the action tried to the court. The trial court found for the plaintiffs, and the defendant has appealed.

The defendant operates a dump on the north half of the southwest quarter of Section 29. The plaintiffs are the owners of the west half of the southeast quarter of Section 29. The record shows that on April 30, 1965, a fire originating at the defendant's dump spread onto and over the plaintiffs' land damaging the grass, trees, fenceposts, and wire on the plaintiffs' land. The parties stipulated that the damage amounted to $2,726.50. The plaintiffs' theory of the case is that their property was "damaged for public use" and that they are entitled to

recover under Article I, section 21, Constitution of Nebraska.

The principal issue is whether the plaintiffs have a right to recover damages from the defendant. The defendant argues that the constitutional provision is not applicable to the facts in this case.

In Patrick v. City of Bellevue, 164 Neb. 196, 82 N. W. 2d 274, the plaintiffs were damaged by flooding and by refuse being washed onto their land as a result of the operation of a dump by the defendant. This court reviewed the prior cases and held that the temporary damage resulting from the operation of the dump was within the protection of the constitutional provision and the plaintiffs could recover their damage. The same rule is applicable here.

The defendant also complains that there is no evidence which shows how the April 30, 1965, fire at the dump was started. The evidence as a whole, including that concerning other fires at the dump, is sufficient to sustain a finding that the fire on April 30, 1965, was a result of the operation of the dump on the defendant's property. It was not necessary for the plaintiffs to show that the fire in question had been set by an employee of the defendant.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.